IN THE MATTER OF THE APPLICATION OF THE FLINT &
PERE MARQUETTE RAILROAD COMPANY TO ABAN-
DON CERTAIN OF ITS TRACKS.

105 289
s116 395

[See 91 Mich. 293.]

*Railroad companies—Abandonment of road—Reimbursement of
contributors—Claim of appeal—Amendment.*

1. A claim of appeal was filed by seven defendants. An eighth
   defendant, whose name was by oversight omitted from the
   claim for appeal, executed in his own behalf and in the
   behalf of said seven appellants the required statutory bond,
   to which was attached a stipulation signed by the solicitors
   for non-appealing defendants and by the solicitor for the
   complainant, accepting such bond, waiving any question as
   to the sufficiency of the sureties, and all further notice of
   entering said appeal. And it is held that an amendment
   of the claim of appeal, by including the name of the eighth
   defendant therein, might be made.

2. Where, pursuant to 3 How. Stat. §§ 3457a, 3457b, a railroad
   company is permitted to abandon or cease to operate its road
   between two stations, and makes no provision for the reason-
   able accommodation of the traffic originating at or destined
   to said stations, the company must under Act No. 125, Laws
   of 1891, amendatory of the statute first cited, pay back to
   each individual, private or public corporation, or to the
   heirs, executors, administrators, successors, or assigns of
   such individual or corporation, all moneys received by such
   railroad company from such individual or corporation as a
   bonus, and interest thereon at the rate of 6 per cent. per
   annum from and after the time such bonus was granted, not
   to exceed five years.

3. After the reversal of a decree dismissing the petition of a
   railroad company for leave to abandon a portion of its road,
   and the remanding of the case for further proceedings under
   the statute, claims were filed by several of the defendants
   who had not appeared prior to said decree. And it is held

105 MICH.—19.

that there is no force in the objection of the railroad company to the allowance of said claims; that the statute contemplates that an opportunity be given the parties in interest for a hearing, and that the decree itself may be conditional.

4. The statute expressly limits the recovery of interest to five years from and after the time the bonus which is sought to be recovered back was granted.

5. The claims of parties who gave aid notes, and afterwards paid the notes by granting rights of way, should not be allowed, but the decree should provide for the reconveyance by said railroad company to said claimants of the rights of way granted by them.

6. Two claims were filed in the names of deceased persons, whose estates had not been administered upon. The decree directed the payment of one of the claims to the daughter and sole heir at law of the claimant, to whom he had in his lifetime turned over and assigned all of his estate, and ordered the other claim paid to the claimant's widow, or to the solicitors who filed the claim. And it is held that the railroad company is entitled in each case to a bond of indemnity before payment, the terms of which may be fixed by the final decree.

Appeal from St. Clair. (Eldredge, J., presiding.) Submitted on briefs February 14, 1895. Decided May 21, 1895.

Petition by a railroad company for leave to abandon certain of its road. Petitioner and eight claimants appeal. Decree modified. The facts are stated in the opinion, and in 91 Mich. 293.

*W. L. Webber* and *Atkinson & Wolcott,* for petitioner.

*William Gowan,* for appealing claimants.

*H. W. Stevens,* for appellees.

McGRATH, C. J. This matter was before this Court in 91 Mich. 293. It appears that there has been a misapprehension of that decision. The matter then before the Court was the appeal of the petitioner from an order dismissing the petition. This Court reversed the decree of the

court below, held that the act of 1891 was applicable, and directed that parties contributing be allowed to appear and prove the amount of their contributions, and recover the same, with interest.[1] The difficulty grows out of the application of the reasons given by this Court for the reversal of the decree of the court below, and the granting of petitioner's prayer, to the rights of the claimants. The statute fixes the right of the claimants, and clearly provides that all parties contributing to the discontinued road shall be entitled to have refunded the amount of their contributions, with interest. Petitioner had originally constructed its road from Port Huron northerly, *via* Zion, to Sand Beach, or Port Austin. In 1880 it determined to construct a branch from Zion westerly to Yale, and the contributions sought to be recovered are those made to the construction of this branch. The exception in the statute makes its purpose more apparent. It provides that—

"This act shall not apply to the abandonment by any railroad company of its tracks between two stations only, where provision is made for the reasonable accommodation of the traffic originating at or destined to such stations by another line of road operated by the same company."

Zion is a station in the northern portion of Clyde township, northwesterly from Port Huron, and on the line of the road leading north to Sand Beach and Port Austin. The road from Port Huron to Zion and north is yet in operation. The new line from Port Huron to Yale runs almost due west, through the southern portion of Clyde township, about half way across the adjoining township of Kenokee, and then north-westerly to Yale, leaving out all the stations on the old line between Port

---

[1] The decree below was entered April 17, 1891. Act No. 125, Laws of 1891, was approved June 12, 1891, and took immediate effect. One of the points made by the petitioner upon the present hearing was that the law of 1891 was not applicable to the proceeding. No rehearing, however, of the prior decision had been applied for. Two successive applications for rehearing of the present case were subsequently denied.

Huron and Yale, including Zion. No provision is made for reaching any of these stations by rail, except that Zion and those stations east thereof may be reached by going east on the new road to Port Huron, and then west on the old road to Zion. The claimants have contributed to the construction of the road between Zion and Yale. That portion of the road has been abandoned, and no provision can be said to have been made for the reasonable accommodation of the traffic between those two stations. In such case, the statute is imperative that the contributions made for that construction must be refunded. The appealing claimants are entitled to a decree accordingly, and the same will be entered here.

At the hearing, petitioner for the first time raised the question as to the standing of appealing claimants in this Court. There are eight such appellants. The claim of appeal did not contain the name of Wm. H. Palmer, but, within the statutory time for filing such claim, a bond was filed by "William H. Palmer, principal, for and on behalf of himself and" the other appealing claimants, naming them. Appended to the bond was the following, signed by the solicitors for the non-appealing claimants and petitioner:

"We hereby accept the within bond on appeal, and waive any question on the sufficiency of the sureties and amount, and also waive all further notice of entering appeal on the part of appellants within named."

It is now insisted that William H. Palmer made no claim of appeal, and that the other appealing claimants are not before the Court, because they have not given a bond under the statute. It is clear, however, that William H. Palmer did, by a writing duly filed, manifest an intention to appeal, and that the omission of his name from the written claim of appeal was an oversight. This is apparent from an act done under the same statute in the statutory manner, within the time prescribed for filing the claim of appeal. A claim of appeal was made, and from the face of the record it appears that he sup-

posed his name appeared in the claim, and intended that it should so appear. We think that, under the general rule, an amendment of the claim of appeal, in accordance with the manifest intention appearing upon the face of the papers, may be made. 1 Enc. Pl. & Prac. 658-669.

Petitioner appeals from the allowance of certain of the claims. Objection is made to the allowance of claims to persons who had not appeared prior to the decree dismissing the petition. There is no force in the objection. The statute contemplates that an opportunity be given the parties in interest for a hearing. The decree itself may be conditional.

Interest was allowed upon all claims from the date of payment of the subscription until the date of the decree. This was erroneous. The statute expressly limits the recovery of interest to five years, and the former opinion must be read as though the words, "not exceeding five years," followed the language there used. James H. Lapien, Martin Meddaugh, and Robert Jackson gave aid notes, but afterwards paid the notes by granting rights of way. The statute contemplates that all rights of way shall be conveyed back to the donors, and that such reconveyance shall be satisfaction. The claims of these parties should not have been allowed. Provision should be made in the decree for a reconveyance to them.

The statute prescribes upon what terms railroad companies may abandon their roads, provided they proceed by petition in the proper court, and for redress in case they undertake to abandon without leave of court. All parties are here in a proceeding under the first section of the act. After the dismissal of the proceedings in the first instance by the court below, and before a reversal of that decree, it is claimed that petitioner actually tore up and abandoned the portion of the road described in the petition. What the rights of these claimants were under such circumstances we are not called upon to determine. Claimants have seen fit to seek reimbursement in this proceeding under the first section of the act.

Respecting the claims allowed to Hiram Peasley and Julia Vincent, petitioner is entitled to a bond of indemnity in each case before payment, the terms of which may be fixed by final decree.[1]

The other questions raised seem to us to have been disposed of by the former opinion.

Otherwise the decree is affirmed, without costs to either party.

The other Justices concurred.

[1] Hiram Peasley gave an aid note. He died April 22, 1892. His estate had not been administered upon. The decree directed payment to be made to the decedent or his solicitors, who had included the amount of his note with other claims filed by them.

Julia Vincent was the daughter and sole heir at law of Joseph Michaels, who died June 16, 1890, and who, before his death, had turned over and assigned to his daughter all of his estate, to whom the claim filed in his name was decreed to be paid.

