WILLIAMS v. FLINT & PERE MARQUETTE RAILROAD CO.

1. RAILROADS—ABANDONMENT OF TRACK — CLAIMS OF CONTRIBU-
TORS—STATUTES.

Prior to the passage of Act No. 125, Pub. Acts 1891, those who
contributed to the construction of a railroad had no right of
action against the company for abandoning and taking up its
track.    That act makes the taking up of the track unlawful,
unless by virtue of proceedings in court, where decree is to
be granted only upon condition that the company pay back all
moneys received as a bonus.    It is further provided that no
decree or order for a proposed abandonment shall take effect,
or be of any force, until all awards of contributors be first
legally and fully settled and paid.    The act designates no
method for ascertaining who are claimants, or for bringing
them before the court if they do not voluntarily appear.
*Held*, that the act does not give to contributors a right to
have their claims heard and allowed at any time, but contem-
plates an expeditious adjudication of their rights in the pro-
ceeding instituted by the company for leave to take up its
track.

2. SAME—WAIVER.

Where, therefore, after application made by the company for
leave to abandon, a contributor files a petition, upon behalf
of himself and such others as may choose to avail themselves
of the proceeding, for the appointment of a time and place at
which all parties who have contributed to the road may be
notified to appear and prove the amount of their several con-
tributions, and an order is entered thereon that all contribu-
tors shall prove their claims before a commissioner upon a
certain day, which order is published, as directed by the
court, in a county paper, contributors who fail to appear and
make proof of their claims will be deemed to have waived
their right to reimbursement.

3. SAME—NOTICE—SUBSTITUTED SERVICE.

Substituted service of a notice to contributors to the construc-
tion of a railroad to appear and submit their claims on
abandonment of the road under Act No. 125, Pub. Acts 1891,
is permissible.

4. SAME.

The fact that an order for the presentation of claims for contributions against a railroad company which has filed its petition under Act No. 125, Pub. Acts 1891, for permission to abandon its tracks, is issued at the instance of a contributor instead of at the instance of the company, does not render it the less binding upon contributors who fail to comply with its provisions.

Appeal from St. Clair; Eldredge, J., presiding. Submitted February 5, 1898.    Decided March 22, 1898.

In the matter of the application of the Flint & Pere Marquette Railroad Company to abandon and take up its track between Yale and Zion stations, and to abandon the intermediate stations of Fargo and Hartsuff: Petition of William Williams and others for a refunding of contributions. From a decree dismissing the petition, petitioners appeal.    Affirmed.

*N. E. Thomas* ( *H. W. Stevens* and *J. A. Rapley*, of counsel ), for petitioners.

*Benton Hanchett*, for defendant:

Personal service is not required where the object of the suit or proceedings is to furnish opportunity to parties to assert and prove claims which they may have against other parties, or against the property of other parties. *United States Trust Co.* v. *United States Fire Ins. Co.*, 18 N. Y. 199, 214; *Happy* v. *Mosher*, 48 N. Y. 313; *Mason* v. *Messenger*, 17 Iowa, 261, 266; *Hahn* v. *Kelly*, 34 Cal. 391, 417; *Bickerdike* v. *Allen*, 157 Ill. 95; *Board of Directors* v. *Collins*, 46 Neb. 411; *Bardwell* v. *Collins*, 44 Minn. 97, 101; *Town of Hinckley* v. *Railroad Co.*, 70 Minn. 105; *Nations* v. *Johnson*, 24 How. 195, 205; *Pennoyer* v. *Neff*, 95 U. S. 714, 727; *Arndt* v. *Griggs*, 134 U. S. 316, 320; *Lent* v. *Tillson*, 140 U. S. 316, 327; *Hamilton* v. *Brown*, 161 U. S. 256, 268, 275.

HOOKER, J.    In the year 1890, the Flint & Pere Marquette Railroad Company filed its petition, under Act No.

275 of the Public Acts of 1887, for an order permitting it to abandon and take up that portion of its track between the stations of Yale and Zion. Notice of the proceedings was published, and a contest made, and upon the hearing the circuit court dismissed the petition.     Upon review in this court, by an opinion filed in 1892, the decree of the circuit court was reversed, and the cause remanded for further proceedings.     See *Flint, etc., R. Co.* v. *Rich*, 91 Mich. 293.     Meantime the statute was amended by Act No. 125 of the Public Acts of 1891.     This act made the repayment of bonuses to those from whom they had been received, etc., a condition of such decree.     After the cause was remanded to the circuit court, one Charles Eves filed a petition upon behalf of himself and such others as might choose to avail themselves of the proceedings, asking that the circuit court "*appoint a time and place at which all parties who have so contributed to said road may be notified to appear and prove the amount of their several contributions, and that this court may direct in what manner such notice to such contributors shall be given.*"     This was contested by the railroad company, but the court made an order as prayed, said order containing, among others, the provision:

"*That all parties having claims against said railroad for contributions given in aid of the construction of said road, as aforesaid, shall file said claims in writing in the office of the clerk of the circuit court for the county of St. Clair on or before the 1st day of September, 1892;* that the railroad company shall, on or before the 10th day of September, 1892, file in writing in said clerk's office a notice of contest and of objections to all such claims as the railroad company intends to contest; that the claims be referred to Dennis P. Sullivan, a commissioner of said court, to take proofs thereon, and report said proofs, with his opinion, to the court.

"It is further ordered that all parties presenting or representing said claims be notified, by publication as hereinafter provided, to appear at the office of said commissioner in the city of Port Huron, in said county, on Monday, the 26th day of September, 1892, at 10 o'clock in the fore-

noon of said day, for the purpose of proving the amount
of their said claims, and that said proofs be heard, taken,
and continued from day to day by said commissioner in
behalf of each party until all of said proofs are taken on
behalf of said claims, and in opposition thereto.

"It is further ordered that a copy of this order be
printed once in each week for three weeks in succession,
before the time appointed for filing said claims, in the
Sunday Herald, a newspaper printed, published, and cir-
culating in said county, the first publication to be on or
before the 6th day of August, 1892; and that a copy of
this order be served upon William L. Webber and upon
Messrs. Atkinson & Wolcott, solicitors for said railroad
company, within 10 days from the date hereof."

The publication of the order mentioned was followed by
the presentation of several claims, some of which were
ultimately allowed and others disallowed, by a decree
dated May 7, 1894, on which day a decree was also entered
granting the prayer of the railroad company as to the
abandonment of the road in controversy. In this decree
it was adjudged that "all persons who did not so file their
claims, and all who failed to appear and make proof of
their claims pending the proceedings before said commis-
sioner, pursuant to the order of this court of the 25th day
of July, 1892, must be deemed to have waived their right
to be reimbursed their contributions." This proceeding
was reviewed by this court upon appeals taken by the rail-
road company and persons whose claims were not allowed,
and the decree was affirmed (*In re Flint, etc., R.
Co.*, 105 Mich. 289), except as to the appealing claimants,
who had contributed to the portion of the road abandoned,
whose claims were allowed by this court. Thereupon the
claims allowed were paid by the company. Subsequently
this petition was filed in the cause, and by it other persons
who claim to have contributed to the building of some
portion of the defendant's road ask to be reimbursed under
this statute of 1891, claiming that they were not before the
court, and that their rights under the statute have not
been divested.

Previous to the act of 1891, those who contributed

to the construction of a railroad had no right of action against the railroad company for abandoning and taking up its track.   See *Ayres* v. *Dutton*, 87 Mich. 528 (13 L. R. A. 698).   That act made the taking up of the track by a railroad company unlawful, unless by virtue of proceedings in a court of justice, which was given authority to grant a decree permitting it.   It was provided, however, by section 1 of the act, that no such decree should be made "except upon condition that such company first pay back to each individual, private or public corporation, or to the heirs, executors, administrators, successors, or assigns of such, all moneys received by such railroad company from such individual or corporation as a bonus," etc.   The second section provides that "no decree or order for a proposed abandonment shall take effect, or be of any force, until all awards of such contributors be first legally and fully settled and paid."   Under these provisions, according to the letter of the statute, the company has no right to abandon its road without first paying the claims allowed.   It designates no method for ascertaining who are claimants, or bringing them before the court if they do not appear voluntarily, unless it is to be inferred that the proceeding is to follow the general rule of chancery practice.   It is contended by the petitioners that this act gives them rights of action against the company of which they cannot be deprived except by due process of law, and that the court acquired no jurisdiction over them through the publication of the order mentioned, and that they were entitled to have their claims heard and allowed whenever they should see fit to move the court therefor.

It seems to us that all the rights to redress by reimbursement which the petitioners have in this proceeding are derived from the statute, and must be obtained in the proceeding instituted by the railroad company for the purpose of obtaining a decree to take up a portion of its track. We have seen that its decree cannot become operative until all awards are paid, and a law-abiding railroad com-

pany may be expected to make such payment before abandoning its road. Again, there is no express provision in the act compelling such payment if, after ascertaining the amount awarded, the company shall elect not to abandon its track; and it is possible that it has a right to elect not to do so. Unless there is some way by which the company can compel the expeditious adjudication of outstanding claims of this nature, and if, as counsel's contention implies, every contributor to any portion of the road may take his own time to appear and submit his claim unless brought in by personal service of process, it might be a long time before a decree would become operative if taken, or the railroad company could safely determine whether or not it could afford to take up its track to any portion, though it be insignificant.

We are of the opinion that a fair construction of this act is that the legislature intended to provide a procedure through which the railroad might safely abandon and take up portions of its tracks when its interests require it, and those of the State permit, and at the same time, and in the same proceeding, permit the contributors — to such portion of the road, at least — to obtain reimbursement. It is not to be supposed that such persons can be cut off without an opportunity to be heard as to their claims, and we must, therefore, consider the question of the sufficiency of the notice given. As a general rule, personal notice is requisite to a personal judgment. There are many cases, however, where this is impracticable, and substituted service is a common thing, even where judgment is sought to bind the property of another, provided such property is within the jurisdiction of the court. In a large class of cases it is also common practice to resort to a substituted service to compel the assertion and prosecution of claims. This course is especially adapted to and adopted in cases where the proceeding is instituted to ascertain the rights of those upon whose behalf the proceeding is instituted in specific property by proceedings *in rem,* or in the nature of proceedings *in rem.* Such, as counsel suggest, are

attachments, the administration of estates, claims against ships and against the levy and collection of taxes, the impounding of animals, and proceedings in bankruptcy. Especially is this true where it is impossible or difficult to ascertain with certainty the ownership of claims or interests in the property. Numerous authorities supporting this rule will be found in the briefs of counsel. *Happy* v. *Mosher*, 48 N. Y. 313; *Mason* v. *Messenger*, 17 Iowa, 261. This is a case of that kind. It has for its object the ascertainment of the rights of parties in the piece of railroad in question. There can be no presumption that the railroad company would know, or could readily ascertain, the ownership of the claims, or whether the owners were within the jurisdiction of the court. It seems to us closely analogous to the settlement of an estate, where those having claims must present the same seasonably for adjudication, or be forever barred, and publication is the only notice to which they are by law entitled.

It is contended that this notice was not given or order made at the instance of the railroad company, being made upon the petition of Eves, a claimant; but we think that is immaterial. The court, by its decree, provided for notice, and that notice was given. Some availed themselves of it. These claimants did not, though counsel asserts—and we do not discover a denial—that it is not shown that they had not knowledge of the notice and pendency of the proceedings in time to have seasonably filed their claims; a fact that is perhaps unimportant, except as it goes to the question of an intentional waiver.

We consider a discussion of other questions unnecessary. The decree dismissing the petition is affirmed, with costs.

The other Justices concurred.